THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR ADVANTAGE GP CO., LLC | : |
| Plaintiff | : |
| v. | : 3:13-CV-1830 |
| | : (JUDGE MARIANI) |
| GERARD JOYCE | : |
| Defendant | : |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff Lamar Advantage GP Company, LLC filed a three-count Amended Complaint against Defendant Gerard Joyce. (Doc. 21). The Amended Complaint seeks declaratory judgment, injunctive relief and monetary damages for alleged violations of a covenant not to compete. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1333. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b).

Presently before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted. (Doc. 23). For the reasons that follow, the Court will deny Defendant's motion.

## II. Factual Allegations

On October 23, 1998, Chancellor Media Corporation ("Chancellor") and Defendant entered into a Settlement Agreement and Mutual Release ("Agreement").[1] (*Id.* at ¶ 5). Paragraph 2D sets forth a noncompetition covenant. (*Id.* at ¶ 8). It provides, in pertinent part,

> Joyce agrees not to compete with Chancellor, either separately or in association with others, as an owner, employee, manager, operator, principal, partner officer, director, share-holder, consultant, representative, agent, investor or private individual in connection with any outdoor advertising business in the Greater Scranton/Wilkes-Barre, Pennsylvania area for a period of thirty (30) years from the date of this agreement. The greater Scranton/Wilkes-Barre, Pennsylvania area was defined in the aforementioned Agreement to mean: "the counties of Lackawanna, Luzerne, Wayne, Pike, Wyoming, Susquehanna, Monroe, Carbon and Schuylkill. For purposes of this Agreement, outdoor advertising business shall mean the construction, ownership and/or leasing of bulletins and poster panels, including the sale of advertising on the same and the **leasing of land for the purpose of construction or maintaining bulletins and poster panels** except as contemplated in this Agreement.
>
> * * * *
>
> **For purposes of this subsection 2D, the term Joyce shall include any corporation, partnership or other business entity in which Joyce has an ownership interest.**

(*Id.*) (bold in original).

---

[1] Because the Agreement contains confidential and proprietary information, it is in possession of Defendant and was not attached to the Amended Complaint. (¶ 5 n. 1). However, the Complaint contains excerpts of the relevant paragraphs of the Agreement. (¶¶ 8-10).

2

Paragraph 7B states:

> This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective agents, heirs, successors, executors, administrators and assigns.

(*Id.* at ¶ 10).

The Amended Complaint alleges that Plaintiff subsequently purchased Chancellor. (*Id.* at ¶ 5). As Chancellor's successor in interest, Plaintiff alleges that Defendant "is obligated to honor his non-compete agreement with Lamar by virtue of the express language of Paragraph 7B of the 1998 Settlement Agreement[.]" (*Id.* at ¶¶ 5, 10). The Amended Complaint goes on to allege that Defendant has taken various actions that constitute competition with Plaintiff in violation of the Agreement. (¶¶ 16-32).

### III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. Analysis

Defendant's sole contention for his Motion to Dismiss is that the Agreement bars competition only with Chancellor, not Plaintiff. (Def.'s Br. in Supp., Doc. 24, at 8). Because the Amended Complaint alleges competition only with Plaintiff, Defendant argues it must be dismissed. (*Id.*) However, this argument runs counter to Paragraph 7B of the Agreement and runs afoul of the basic cannon of construction which prohibits reading a contract in such a fashion as to render portions of it superfluous. *See, e.g., Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 167 (3d Cir. 2011) (applying Pennsylvania law) (*citing Contrans, Inc. v. Ryder Truck Rental, Inc.*, 836 F.2d 163, 169 (3d Cir.1987)); *see also* Restatement (Second) of Contracts § 203(a) (1979) (stating that "an interpretation which gives a reasonable, lawful and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect"). Since the Amended Complaint alleges that the Agreement contains a successors and assigns clause (Paragraph 7B), Plaintiff satisfactorily pleads that Agreement obliges Defendant to comply with its provisions, including the non-compete clause of Paragraph 2D, for the benefit of Plaintiff as the successor and assignee of Chancellor. It is worth noting that Defendant makes no claim or argument that Plaintiff is not the successor or assignee of Chancellor under the Agreement.

Thus, Plaintiff states a claim upon which relief may be granted.

## V. <u>Conclusion</u>

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss. (Doc. 23). A separate Order follows.

Robert D. Mariani
United States District Judge